## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| KAREN LONG<br>2357 Iroll Ave.<br>Cincinnati, OH 45225 | CASE NO.<br><br>JUDGE: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| UNIVERSITY OF CINCINNATI MEDICAL<br>CENTER, LLC<br>234 Goodman Street<br>Cincinnati, OH 45219 | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve Also:**<br>University Of Cincinnati Medical<br>Center, LLC<br>c/o GH&R Business Services, Inc.<br>(Stat. Agent)<br>312 Walnut St., Suite 1800<br>Cincinnati, OH 45202 | |
| Defendant. | |

Plaintiff, Karen Long, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES

1. Long is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant UNIVERSITY OF CINCINNATI MEDICAL CENTER, LLC ("UCMC") is a domestic-incorporated company that conducts business within the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 234 Goodman Street, Cincinnati, OH 45219.

4. UCMC is, and was at all times hereinafter mentioned, Long's employer within the meaning of The Americans with Disability Act ("ADA") 42 U.S.C. § 12101, Title VII of the Civil Rights

Act of 1964 ("Title VII") <u>42 U.S.C §2000e</u>, Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq., and R.C. § 4112 et seq.

5. Within 300 days of the adverse employment actions described herein, Long filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00979 ("EEOC Charge").

6. On or about September 16, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Long regarding the EEOC Charge.

7. <u>Long received the Notice of Right to Sue letter from the EEOC in accordance with </u>42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

8. Long has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

9. Long has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

1. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

2. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

3. Venue is proper pursuant to Ci<u>v. R. 3(C)(1)</u>, <u>(3)</u>, and/or (6).

4. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

10. Long is a former employee of UCMC.

11. At all times noted herein, Long was qualified for her position(s) at UCMC.

12. At all times noted herein, Long could fully perform the essential functions of her job(s), with or without a reasonable accommodation.

13. Long worked for UCMC in the position of Community Healthcare Worker from March 14, 2012, until UCMC unlawfully terminated her employment on or about August 5, 2021.

14. Long previously also worked for UCMC as a contractor from 2008 to her full-time hire in 2012.

15. Long was a good employee with no significant disciplinary record and a history of good performance.

16. At the time of her termination, Long was a 67-year-old, African American, who had just undergone gastric bypass surgery, and therefore, is a member of protected classes based on her age, race, and disability.

17. Long worked at UCMC for many years before issues arose within her work environment.

18. In early 2021, Long noticed that one of her similarly situated younger, Caucasian coworkers, Morgan (Last Name Unknown), was receiving different training than Long.

19. Morgan (LNU) also received favoritism from Supervisor Marco Lesko.

20. On one occasion, Morgan (LNU) was discovered napping in Lesko's office and was never disciplined for it. Upon information and belief, UCMC disciplined employees for sleeping on the job who were abled, younger, and not African American.

21. Moreover, Morgan (LNU) was allowed to go into the UCMC gift shop during her shifts. Long was not allowed to be at the gift shop during Long's shifts.

22. At the beginning of March 2021, Long's mother was treated at UCMC. UCMC had COVID-19 restrictions in place limiting visitors for patients.

23. A visitor assistant allowed Long's sister to visit Long's mother at the same time as Long. This was a violation of UCMC policy, but was not enacted by Long.

24. At no time did Long actively violate the COVID-19 policy. The violation was caused by the conduct of the visitor assistant.

25. Long requested medical leave under the Family Medical Leave Act (FMLA) for gastric bypass surgery in 2021.

26. Long was met by hostility from management when Long requested FMLA leave. Despite the pushback, the leave was approved from April 20, 2021, through May 16, 2021.

27. When Long returned from FMLA leave, management's behavior towards her changed for the negative.

28. Long faced extensive micromanaging that she had not faced prior to leave.

29. Long also received her first ever disciplinary action following her FMLA leave in July 2021.

30. The write up accused Long of violating hospital policy in March 2021 when Long's sister and Long visited their sick mother.

31. In the last week of July 2022, Long received another disciplinary action for her work performance.

32. On August 2, 2022, Long received a write-up for non-business use of the internet during her shift.

33. However, Long witnessed other individuals outside of her protected classes engage in the same conduct without receiving discipline.

34. Long then complained to UCMC's management about age, race, and disability discrimination – a protected action. Long also addressed her concerns regarding retaliation for her protected activities.

4

35. On August 4, 2022, Long informed management that she intended to seek assistance from UCMC's counseling services because of the hostile work environment she faced. This was another protected action.

36. On August 5, 2022, UCMC terminated Long's employment, but allowed her to refer to it as a resignation. This was an adverse employment action against her.

37. UCMC did not have an overriding justification for Long's dismissal.

38. Alternatively, UCMC's cited reason for termination was pretextual.

39. The above facts demonstrate that Defendant engaged in a pattern and practice of disability, age, and race discrimination.

40. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

41. There was a causal connection between Long's disability, age, and race and Defendant's termination of Long's employment.

42. As a result of UCMC's acts and omissions, Long has suffered, and will continue to suffer, damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.**

43. Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. Long is disabled.

45. In the alternative, Defendant perceived Long as being disabled.

46. Long's condition constituted a physical impairment.

47. Long's condition substantially impaired one or more of her major life activities including working.

5

48. Defendant perceived Long's condition to substantially impair one or more of her major life activities including working.

49. Defendant treated Long differently than other similarly-situated employees based on her disabling condition.

50. Defendant treated Long differently than other similarly-situated employees based on her perceived disabling condition.

51. Defendant terminated Long's employment without just cause.

52. Alternatively, Defendant's cited reason for Long's termination was pretext.

53. Defendant terminated Long's employment based on her disability.

54. Defendant terminated Long's employment based on her perceived disability.

55. Defendant violated R.C. § 4112.02 when it discharged Long based on her disability.

56. Defendant violated R.C. § 4112.02 when it discharged Long based on her perceived disability.

57. Defendant violated R.C. § 4112.02 by discriminating against Long based on her disabling condition.

58. Defendant violated R.C. § 4112.02 by discriminating against Long based on her perceived disabling condition.

59. Long suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

60. As a direct and proximate result of Defendant's conduct, Long suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## <u>COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA</u>

61. Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

6

62. Long is disabled.

63. In the alternative, Defendant perceived Long as being disabled.

64. Long's condition constituted a physical impairment.

65. Long's condition substantially impaired one or more of his/her major life activities including working.

66. Defendant perceived Long's condition to substantially impair one or more of her major life activities including working.

67. Defendant treated Long differently than other similarly-situated employees based on her disabling condition.

68. Defendant treated Long differently than other similarly-situated employees based on her perceived disabling condition.

69. Defendant terminated Long's employment without just cause.

70. Alternatively, Defendant's cited reason for Long's termination was pretext.

71. Defendant terminated Long's employment based on her disability.

72. Defendant terminated Long's employment based on her perceived disability.

73. Defendant violated the ADA when it discharged Long based on her disability.

74. Defendant violated the ADA when it discharged Long based on her perceived disability.

75. Defendant violated the ADA by discriminating against Long based on her disabling condition.

76. Defendant violated the ADA by discriminating against Long based on her perceived disabling condition.

77. Long suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

7

78. As a direct and proximate result of Defendant's conduct, Long suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.**

132. Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. Long is African American, and thus is in a protected class for her race.

134. R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

135. Defendant treated Long differently than other similarly situated employees based upon her race.

136. Defendant's termination of Long was an adverse employment action against her.

137. Defendant's purported reason(s) for Long's termination was pretextual.

138. Defendant actually terminated Long's employment due to her race.

139. Defendant violated R.C. § 4112 *et seq*. by terminating Long because of her race.

140. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Long differently from other similarly situated employees outside her protected class.

141. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Long's race.

142. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Long's race.

143. Long incurred emotional distress damages as a result of Defendant's conduct described herein.

144.     As a direct and proximate result of Defendant's acts and omissions, Long has suffered and will continue to suffer damages.

**COUNT IV: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII**

145.     Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

146.     Long is African American, and thus is in a protected class for her race.

147.     Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

148.     Defendant treated Long differently than other similarly situated employees based upon her race.

149.     Defendant's termination of Long was an adverse employment action against her.

150.     Defendant's purported reason for Long's termination was pretextual.

151.     Defendant actually terminated Long's employment due to her race.

152.     Defendant violated Title VII by terminating Long because of her race.

153.     Defendant violated Title VII by treating Long differently from other similarly situated employees outside her protected class.

154.     Defendant violated Title VII by applying its employment policies in a disparate manner based on Long's race.

155.     Defendant violated Title VII by applying its disciplinary policies in a disparate manner based on Long's race.

156.     Long incurred emotional distress damages as a result of Defendant's conduct described herein.

157.    As a direct and proximate result of Defendant's acts and omissions, Long has suffered and will continue to suffer damages.

**COUNT V: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.***

158.    Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

159.    Long is age 68, and thus is in a protected class for her age.

160.    R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

161.    Defendant treated Long differently than other similarly situated employees based upon her age.

162.    Defendant's termination of Long was an adverse employment action against her.

163.    Defendant's purported reason(s) for Long's termination was pretextual.

164.    Defendant actually terminated Long's employment due to her age.

165.    Defendant violated R.C. § 4112 *et seq.* by terminating Long because of her age.

166.    Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Long differently from other similarly situated employees outside her protected class.

167.    Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Long's age.

168.    Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Long's age.

169.    Long incurred emotional distress damages as a result of Defendant's conduct described herein.

E-FILED 12/12/2022 9:59 AM / CONFIRMATION 1262100 / A 2204509 / COMMON PLEAS DIVISION / IFIJ

170.     As a direct and proximate result of Defendant's acts and omissions, Long has suffered and

will continue to suffer damages.

## COUNT VI: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

171.     Long restates each and every prior paragraph of this Complaint, as if it were fully

restated herein.

172.     Long age 68, and thus is in a protected class for her age.

173.     The ADEA provides that it is an unlawful discriminatory practice for an employer to

discriminate against an employee on the basis of the employee's age.

174.     Defendant treated Long differently than other similarly situated employees based upon her

age.

175.     Defendant's termination of Long was an adverse employment action against her.

176.     Defendant's purported reason for Long's termination was pretextual.

177.     Defendant actually terminated Long's employment due to her age.

178.     Defendant violated the ADEA by terminating Long because of her age.

179.     Defendant violated the ADEA by treating Long differently from other similarly situated

employees outside her protected class.

180.     Defendant violated the ADEA by applying its employment policies in a disparate manner

based on Long's age.

181.     Defendant violated the ADEA by applying its disciplinary policies in a disparate manner

based on Long's age.

182.     Long incurred emotional distress damages as a result of Defendant's conduct described

herein.

11

183.   As a direct and proximate result of Defendant's acts and omissions, Long has suffered and will continue to suffer damages.

## COUNT VII: RETALIATORY DISCRIMINATION

161. Long restates each and every prior paragraph of this complaint, as if it were fully restated herein.

162. As a result of the Defendant's discriminatory conduct described above, Long complained about the discrimination she was experiencing.

163. Subsequent to Long's reporting of discrimination against her and sexual harassment against others to her employer, Long's employment was terminated.

164. Defendant's actions were retaliatory in nature based on Long 's opposition to the unlawful discriminatory conduct.

165. Pursuant to R.C. §4112.02(I), Title VII, the ADEA, and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

166. Long suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA, Title VII, the ADEA, and R.C. § 4112.01 *et seq*.

167. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Long, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: RETALIATION IN VIOLATION OF THE FMLA

132.   Long restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133.   During her employment, Long qualified for and attempted to take FMLA leave.

12

134. Defendant knew Long took FMLA leave.

135. After Long utilized her qualified FMLA leave, Defendant retaliated against her.

136. Defendant terminated Long's employment.

137. Long's termination was an adverse employment action against her.

138. Defendant's proffered reason for Long's termination was pretextual.

139. There was a causal link between Long's medical leave under the FMLA and Defendant's termination of Long's employment.

140. Defendant actually terminated Long for her FMLA use.

141. Defendant retaliated against Long by terminating her employment.

142. Defendant's actions show that it willfully retaliated against Long in violation of U.S.C. § 2615(a).

143. As a direct and proximate result of Defendant's wrongful conduct, Long is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Long demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal

13

responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Long's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Long for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Long's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

   /s/ Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
Trial Attorney

14

**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Karen Long*

E-FILED 12/12/2022 9:59 AM  /  CONFIRMATION 1262100  /  A 2204509  /  COMMON PLEAS DIVISION  /  IFIJ

## **JURY DEMAND**

Plaintiff Karen Long demands a trial by jury by the maximum number of jurors permitted.

                                 /s/ Evan R. McFarland
                                Evan R. McFarland (0096953)

16